**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMERGENCY PHYSICIAN SERVICES OF NEW YORK, et al., | Case No. 1:20-cv-09183-AJN-SN |
| Plaintiffs, | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| -against- | |
| UNITEDHEALTH GROUP, INC., et al., | |
| Defendants. | |

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED:  3/9/2022                │
└─────────────────────────────────────┘
```

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiffs Emergency Physician Services of New York, Buffalo Emergency Associates, Exigence Medical of Binghamton, and Emergency Care Services of New York, and Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (each a "Party" and collectively the "Parties"), stipulate and agree as follows:

1. <u>Scope and Applicability</u>.  Certain documents or electronically stored information discoverable under Title V of the Federal Rules of Civil Procedure may contain confidential information, as described herein, the disclosure of which may be prejudicial to the interests of a Party or a non-party individual, including a non-party individual's health information deemed private under state and federal law.  As defined below, such information is referred to herein as "Confidential Information."  The Parties may, however, produce certain Confidential Information subject to the terms of this Stipulated Confidentiality and Protective Order (referred to hereafter as the "Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. This Protective Order is applicable to the Parties, any additional parties joined in this litigation, and any third parties subject to this Protective Order and/or otherwise agreeing to be bound by this Protective Order.

2.      <u>Intent</u>.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3.      <u>Designation of Information</u>.  Any document or electronically stored information produced in discovery may be designated as Confidential Information by marking it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of production.   Such designation shall be made at the time that copies are furnished to a Party conducting discovery, or when such documents are otherwise disclosed.  Any such designation that is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record.

      a.      A Party may only designate as "CONFIDENTIAL" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) sensitive, commercial, financial or proprietary business information; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law; or (c) Protected Health Information, Patient Identifying Information, or other HIPAA-governed information (each defined in Paragraph 6 below).

      b.      A Party may only designate as "ATTORNEYS' EYES ONLY" any document

or portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains trade secrets or is of such highly competitive or commercially sensitive proprietary and non-public information that would significantly harm business advantages of the producing or designating Party or information concerning third-party pricing and/or reimbursement rates (*i.e.*, reimbursement rates that providers other than Plaintiffs have charged or accepted and that insurers and payors other than the Defendants have paid for claims similar to those at issue in this case) and that disclosure of such information could reasonably be expected to be detrimental to the producing or designating Party's interests.

c.   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the producing Party shall affix, at a minimum, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (hereinafter "Legend"), to the designated documents (or to the title of documents produced in a native electronic format) that contains the protected information.  A Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents or information it wants copied and produced, the producing Party must determine which documents, or portions thereof, qualify for protection

under this Order.  Then, before producing the specified documents, the producing Party must affix the Legend to the documents containing the protected information.

d.   For information produced in form other than document and for any other tangible items, the producing Party shall affix the Legend in a prominent place on the exterior of the container or containers in which the information is stored.

4.   <u>Designation of Depositions</u>.  The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony, or any exhibit identified during a deposition, is so designated and subject to the terms of this Protective Order or, alternatively, any Party may so designate a portion of the deposition testimony or exhibit within 25 days of receipt of the deposition transcript by so stating in writing to opposing counsel.  If designated during the deposition, the court reporter shall stamp the portions of deposition testimony or any exhibit designated as containing Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and access thereto shall be limited as provided herein. Following any deposition, both Parties agree to treat the entire deposition transcript and exhibits as "ATTORNEYS' EYES ONLY" until the 25-day window for designation following receipt of the transcript has passed.  If the deposition is taken less than 25 days before the start of the trial, the time period for designating the transcript shall be reduced accordingly.  Confidential Information shall not lose its character because it is used as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY." Documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY" may be used or disclosed in a deposition and marked as deposition exhibits; the Parties agree that, with the exception of the witness and court reporter, the only persons permitted under this Protective Order to be present during the disclosure or use of designated documents or information during a deposition, whether "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to paragraph 11, as applicable, are those permitted pursuant to the terms of this Protective Order to review the information or material sought to be used. Absent an agreement between the Parties, if all persons present at the deposition are not permitted under this Protective Order to review the information or material sought to be used, any person not so permitted shall be instructed by the designating Party to leave the room during the period(s) in which the "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or information is being used and/or discussed, to the extent reasonably possible. During the course of a deposition, counsel may anticipate such disclosure and designate in advance certain deposition exhibits, deposition testimony and portions of any deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5.      Use at a Hearing.  In advance of a hearing in this matter, the Parties also agree to confer in good faith to reach an agreement regarding the appropriate protections in the event one or both Parties seek to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information at a hearing.  Nothing in this Order shall limit a Party's ability to use its own documents or information, however designated, at a hearing in this litigation or in any other proceeding, subject to the Court's determination of the admissibility of the documents or information.

6.      Protected Health Information.  Additionally, certain Confidential Information may be Protected Health Information ("PHI") as defined by the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder at 45 CFR § 160.103.  Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify an individual.  All "covered entities" (as defined by 45 CFR § 160.103) are hereby authorized to disclose PHI to all attorneys in this litigation.  Subject to the rules of procedure governing this litigation, and without prejudice to any Party's objection except as otherwise provided herein, the Parties are authorized to receive, subpoena, transmit, or disclose PHI relevant to the medical claims at issue in this litigation and discoverable under the Federal Rules of Civil Procedure, subject to all terms of this Protective Order.  All PHI disclosed under this Protective Order must be designated as Confidential Information under paragraphs 3 and 4 above.  To the extent documents or information produced in this litigation have already been exchanged or will again be exchanged between the Parties in the normal course of business, treatment of such documents prior to or after the conclusion of this litigation shall be governed by each Party's legal obligations.

7.     <u>Specific Provisions Concerning Disclosure of PHI</u>.  When PHI is disclosed between the Parties as authorized by this Protective Order, the names, dates of birth and Social Security numbers of any individuals whose medical claims are not at issue in this lawsuit and who are otherwise identified in the PHI may be redacted to protect the identity of the patients, if the disclosing Party believes that is warranted under the particular circumstances.  Upon receipt of any PHI disclosed between the Parties during the course of this litigation, the receiving Party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required

under both state and federal law including, but not limited to, HIPAA. Such measures may include filing PHI under seal and redacting patient names, dates of birth and Social Security numbers from documents containing PHI.

8.    <u>Non-Waiver of Privilege</u>.  The production of documents and information shall not constitute a waiver in this litigation, or any other litigation, matter or proceeding, of any privilege (including, but not limited to, the attorney-client privilege, attorney work product privilege or common defense privilege) applicable to the produced materials or for any other privileged or protected materials containing the same or similar subject matter.  The fact of production of privileged information or documents by any producing Party in this litigation shall not be used as a basis for arguing that a claim of privilege of any kind has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.   If a producing Party inadvertently produces privileged documents or information, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue.  The receiving Party, upon receiving such notice, shall promptly destroy or delete all such inadvertently produced privileged materials in its possession.

9.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

        a.    Each Party or non-party that designates documents, information, or items for protection under this Order (the "designating Party") must take care to limit designations to specific documents, information, or items that qualify under the appropriate standards.  To the extent it is practical to do so, the designating Party must designate for protection only those

parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  In order to control costs, the Parties agree that partial designations will not be practical as to large scale productions of ESI (*e.g.*, custodial email and shared data sources).

b.      If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

10.      <u>Burden of Proof and Challenges to Confidential Information</u>.   The Party designating information as Confidential Information bears the burden of establishing confidentiality. Nothing in this Protective Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If a Party contends that any document has been erroneously or improperly designated or not designated  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the document at issue shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order until (a) the Parties reach a written agreement or (b) the Court issues an order ruling on the designation. In the event that a Party disagrees with a Party's designation of any document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the objecting Party shall advise counsel for the designating Party, in writing (via email or otherwise),

of the objection and identify the document or item with sufficient specificity to permit identification. Within seven (7) days of receiving the objection, the designating Party shall advise whether the designating Party will change the designation of the document or item. If this cannot be resolved between the Parties, after the expiration of seven (7) days following the service of an objection, but within twenty-one (21) days of service of the written objection, the designating Party may make a motion to the Court seeking to preserve the confidentiality designation. It shall be the burden of the designating Party to show why such information is entitled to confidential treatment. The protection afforded by this Protective Order shall continue until the Court makes a decision on the motion. Failure of the designating Party to file a motion within the 21-day period shall be deemed to constitute a waiver of that Party's confidentiality designation to material identified in the objecting Party's written objection. A Party may object to a Party's designation at any time before the meet and confer required in Paragraph 21. Upon resolving any challenge to a designation under this Protective Order, the Court may order a Party to pay the other Party's costs and reasonable expenses, including attorneys' fees, where provided by the Federal Rules of Civil Procedure.

11. <u>Restrictions on Disclosure</u>. All Confidential Information, including PHI, other than Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this litigation shall be disclosed only to Qualified Persons identified in paragraph 12, who shall not make further disclosure to anyone except as allowed by this Protective Order. Confidential Information shall be used only in this litigation and not for any other purpose whatsoever, except to the extent such Confidential Information is exchanged in the normal course of business between the Parties and such exchange is more appropriately governed by the course of conduct observed between the Parties, in which event the course of conduct shall control. All

Confidential Information designated as "ATTORNEYS' EYES ONLY," produced or disclosed by either Party in this litigation shall not be shown or communicated to anyone other than Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f), 12(g), 12(h) and 12(i) below, which persons receiving Confidential Information designated as "ATTORNEYS' EYES ONLY" shall not make further disclosure to anyone except as allowed by this Protective Order. Documents designated as "ATTORNEYS' EYES ONLY" shall be maintained only at the offices of such Qualified Persons identified in paragraphs 12(a), 12(b), 12(d), 12(e), 12(f), 12(g), 12(h) and 12(i) and only working copies shall be made of such documents.

12.    <u>Qualified Persons</u>.  "Qualified Persons" means:

a.    The Court, court officials and authorized court personnel, jurors, stenographic reporters, and videographers at depositions taken in this action;

b.    counsel of record for the Parties (including partners, associates, paralegals, employees and persons working at the law firms of the Parties' respective counsel), contract attorneys retained by counsel for the Parties to provide services in connection with this litigation, and in-house counsel with responsibilities in connection with this litigation and without responsibility for managed care network or rate negotiations ("Designated In-house Counsel").  To the extent each Designated In-house Counsel acquires any role, involvement, or responsibility for managed care network or rate negotiations during the litigation, that in-house counsel will recuse himself or herself from any matters involving or relating to the other Party and may be replaced with a Designated In-

house Counsel who meets the above criteria;

c.      if the Party is an entity, current officers, directors or employees (including in-house counsel) of the Party to whom the disclosure is reasonably necessary for this action;

d.      third parties retained by counsel for a Party or by a Party as consulting experts or testifying expert witnesses;

e.      with respect to a specific document, the document's author, addressee, intended or authorized recipient, or a custodian or other person who otherwise possessed the Confidential Information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential Information but not retain a copy;

f.      non-parties to whom Confidential Information belongs or concerns;

g.      witnesses who are appearing for deposition or other testimony in this case voluntarily or pursuant to a validly issued subpoena;

h.      a mediator or other settlement judge, and their supporting personnel, selected or agreed-upon by the Parties in connection with any attempted resolution of the litigation;

i.      clerical or ministerial service providers, including outside copying services, litigation support personnel, or other independent third parties retained by counsel for the Parties to provide services in connection with this litigation;

j.      if the Party is an entity, former officers or employees of the Party; or

k.      any other person by order of the Court after notice to all Parties and

opportunity to be heard, or as agreed between the Parties, except that the PHI shall only be disclosed in accordance with this Protective Order or further order of the Court.

13.     <u>Acknowledgment</u>.  Except for Confidential Information first disclosed during a deposition or the trial of this case, any Qualified Person identified in paragraph 12(d)–(k) to whom the opposing Party's Confidential Information is shown or to whom information contained in such materials is to be revealed shall first be required to execute the attached Acknowledgement and Agreement To Be Bound To Stipulated Confidentiality Agreement And Protective Order (the "Acknowledgement"), the form of which is attached hereto as "Exhibit A" and to be bound by the terms of this Protective Order.  If Confidential Information is first disclosed to a Qualified Person during a deposition or the trial of this case, then after the deposition or that day's trial proceeding, the Qualified Person shall promptly execute the Acknowledgment.  As to each person to whom any Confidential Information is disclosed pursuant to the Acknowledgement and this Protective Order, such information may be used only for purposes of this litigation and may not be used for any other purpose.

14.     <u>Conclusion of the Litigation</u>. Upon conclusion of this litigation, whether by judgment, settlement, or otherwise, counsel of record and each Party, person, and entity who obtained Confidential Information shall assemble and return to the producing Party all materials and information designated as Confidential Information, except all such materials constituting work product of counsel.  In the alternative to returning, all such materials may be destroyed, with written certification of destruction or deletion provided to the producing Party, except that a Party may retain Confidential Information generated by it, unless such Confidential Information incorporates the Confidential Information of another Party in which case all such Confidential

Information shall be destroyed or deleted. No originals or copies of any such Confidential Information will be retained by any person or entity to whom disclosure was made. However, counsel of record and Designated In-house Counsel for the Parties are permitted to retain copies of all pleadings, motions, depositions and hearing transcripts (and exhibits thereto), exhibits, and attorney work product that contain Confidential Information (other than PHI) consistent with his or her ordinary file management and/or document retention policies and/or those of his or her firm. In doing so, retaining Party agrees to execute an agreement that all such documents will be quarantined for record retention only and not for use in other matters involving the Parties or with any other client or shared outside of the organization.

15. <u>Equal Application</u>.  This Protective Order may be applied equally to information obtained by a producer in response to any subpoena, including, in particular, information produced by non-parties.  Any non-party that designates any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall agree to submit to the Court's jurisdiction with regard to the determination of disputes involving such designations.

16. <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation.</u>  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this litigation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must: (1) promptly notify in writing the designating Party and such notification shall include a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order and such notification shall include a copy of this Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Confidential Information may be affected.  If

the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission. The designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this litigation to disobey a lawful directive from another court.

17.     List of Names.  All counsel shall maintain all Acknowledgements signed by persons to whom disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information was made.

18.     Retroactive Designation.  Confidential Information previously produced before the entry of this Order, if any, may be retroactively designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and subject to this Protective Order by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

19.     Inadvertent Production or Disclosure of Confidential Information.  In the event that a Party inadvertently produces Confidential Information, without the required "CONFIDENTIAL" Legend, or Attorneys' Eyes Only information, without the required "ATTORNEYS' EYES ONLY" Legend, the producing Party shall contact the receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the receiving Party in writing of the inadvertent production and the specific material at issue.  Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related

subject matter.  Upon receipt of such notice, the receiving Party or Parties shall treat the material identified in the notice as Confidential or Attorneys' Eyes Only under this Protective Order, subject to the provisions in paragraph 10 regarding any challenges.

20.     Unauthorized Disclosure of Confidential Information.  If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, that Party must promptly (1) notify in writing the designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the Acknowledgment that is attached hereto as Exhibit A.

21.     Use of "ATTORNEYS' EYES ONLY" Material in Trial Preparation. No later than thirty (30) days prior to the deadline for submitting the Joint Pretrial Order, the Parties shall meet and confer in good faith for the purpose of developing a protocol for allowing trial witnesses to review documents designated "ATTORNEYS' EYES ONLY" to the extent that counsel believes it to be necessary for the witness to review the materials in connection with preparing the witness for his or her trial testimony which is reasonable and necessary in preserving, prosecuting and/or defending their respective interests in this matter.  In the event the Parties cannot agree, either Party may submit an appropriate motion for relief with the Court. This provision shall not be construed as an agreement by either Party that a trial witness who is not qualified to review "ATTORNEYS' EYES ONLY" is entitled to do so prior to trial.

22.     Use of Confidential Information at Trial.  Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of trial or during a hearing any document or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," subject to

the rules of evidence and any other Party's objections as to the admissibility or claims of confidentiality of the document or information. However, if a Party anticipates using or disclosing Confidential Information at a trial or during a hearing (except for purposes of impeachment), it shall give the designating Party at least three (3) business days' notice prior to its use or disclosure. The Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect the Confidential Information from disclosure to persons other than those identified in paragraph 12 and who have signed Exhibit A, where necessary, under this Order. If a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees. Any disclosure of information designated "ATTORNEYS' EYES ONLY" to the Court under seal shall have limited dissemination to personnel of the Court under such safeguards as the Court may direct.

23.    <u>Pre-Existing Confidentiality Obligations</u>.  This Protective Order in no way modifies any prior agreement between the Parties that may be applicable.

24.    <u>Documents Excluded</u>.  The restrictions and terms set forth in this Protective Order shall not apply to documents or information, regardless of their designation, that are publicly available (other than through the improper conduct of the non-designating party) or that are obtained independently and under rightful means by the receiving Party.

25.    <u>No Waiver</u>.  This Protective Order does not waive or prejudice the right of any Party or non-party to apply to a court of competent jurisdiction for any other or further relief or to object on any appropriate grounds to any discovery requests, move to compel responses to discovery requests, and/or object to the admission of evidence at any hearing on any ground.

26.    <u>No Admission</u>.  Entering into, agreeing to, and/or complying with the terms of the

Protective Order shall not operate as an admission by any Party that any particular document, testimony or information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information.

27.     <u>Modification</u>.  This Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown.  No oral waivers of the terms of this Protective Order shall be permitted between the Parties.

28.     <u>Future Orders</u>.  Nothing in this Protective Order shall prohibit the Parties from seeking an order from the Court regarding the production or protection of documents referenced herein or other materials in the future.

29.     <u>Good Cause</u>.    The Parties submit that good cause exists for entry of this Protective Order because: (1) particularized harm will occur due to public disclosure of the Confidential Information to be protected under this Protective Order given the important privacy and business interests at issue here; (2) when balancing the public and private interests, a protective order must issue because the public's interest in disclosure is substantially outweighed by the Parties' important privacy, proprietary and business interests; and (3) allowing for the redaction of certain information, as contemplated by this Protective Order, properly allows for the disclosure of information while protecting the important interests identified herein.

Dated:  March 8, 2022

Respectfully submitted,

*/s/ Wendy H. Schwartz*

**BINDER & SCHWARTZ LLP**
Wendy H. Schwartz
Sarah Dowd
366 Madison Avenue, 6th Floor
New York, NY 10017
(212) 510-7008
wschwartz@binderschwartz.com
sdowd@binderschwartz.com

**LASH & GOLDBERG LLP**
Justin C. Fineberg
Jonathan E. Siegelaub
Miami Tower
100 SE 2nd Street, Suite 1200
Miami, FL 33131-2131
305-347-4040
jfineberg@lashgoldberg.com
jsiegelaub@lashgoldberg.com

*Counsel for Plaintiffs*

Dated:  March 8, 2022

Respectfully submitted,

*/s/ Amanda L. Genovese*

**O'MELVENY & MYERS LLP**
Amanda L. Genovese
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2000
agenovese@omm.com

K. Lee Blalack
Gregory F. Jacob (*pro hac vice*)
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C.  20006
(202) 383-5300
lblalack@omm.com
gjacob@omm.com

Dimitri D. Portnoi
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California  90071-2899
(213) 430-6000
dportnoi@omm.com

*Counsel for Defendants*

---

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: March 9, 2022
        New York, New York

---

19

## <u>EXHIBIT A</u>

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMERGENCY PHYSICIAN SERVICES OF NEW YORK, et al.,<br><br>                    Plaintiffs,<br><br>          -against-<br><br>UNITEDHEALTH GROUP, INC., et al.,<br><br>                    Defendants. | Case No. 1:20-cv-09183-AJN-SN<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I, _____, hereby acknowledge receipt of a copy of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") entered in the above-referenced action, and agree as follows:

      1.      I acknowledge that I have read the Protective Order and agree to be bound by its terms and conditions and to hold any "Confidential" or "Attorneys' Eyes Only" information and/or materials disclosed to me in accordance with the Protective Order.

      2.      I will take all steps reasonably necessary to ensure that any secretarial, clerical, or other personnel who assist me in connection with my participation in this action will likewise comply with the terms and conditions of the Protective Order.

      3.      I further understand that I am to retain all copies of all documents or information marked pursuant to the Protective Order in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in the above-referenced litigation, whereupon the originals or any copies of such materials, and any work product derived from said information and/or materials, will be returned to counsel who provided me with such materials.

      4.      To assure my compliance with the Protective Order, I submit to the jurisdiction of the above-referenced Court for the limited purpose of any proceeding related to the enforcement of, performance under, compliance with or violation of the Protective Order and understand that the terms of the Protective Order obligate me to use materials designated as Confidential Information in accordance with the Protective Order solely for the purposes of the above-referenced litigation, and not to disclose any such Confidential Information to any other person, firm or concern.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 20___.

                        Signature: _____

                        Name (printed): _____

                        Title/Position: _____

                        Employer: _____

                        Address: _____