UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMERGENCY PHYSICIAN SERVICES
OF NEW YORK, et al.,

                              Plaintiffs,                         20-CV-09183 (JGK)(SN)

                   -against-                               **ORDER**

UNITEDHEALTH GROUP, INC., et al.,

                              Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/1/2022

**SARAH NETBURN, United States Magistrate Judge:**

       The Court held a conference on June 27, 2022, to address various discovery disputes. From the bench, the Court ruled on most matters but reserved on Defendants' motion to compel Plaintiffs to produce documents related to (1) payment rates from certain market participants and (2) the costs of rendering the emergency medical services. Defendant's motion regarding the first category of documents is GRANTED, while the second is DENIED.

       Under the Federal Rules of Civil Procedure, relevance for purposes of discovery is broadly defined. To develop a reasonable rate, Defendants are entitled to discover the rates Plaintiffs accepted from market participants that pay negotiated rates for the same emergency services that are at issue in this lawsuit, including from government-negotiated plans. Accordingly, Plaintiffs shall produce market data concerning accepted payment rates from Medicare Advantage Plans and managed Medicaid plans. See Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alts. Inc., 832 A.2d 501, 510 (Super. Ct. Pa. 2003) (the relevant community to determine the reasonable value for services provided to Medicaid recipients includes governmental agencies and commercial insurance market participants); Children's Hosp. Cent.

Cal. v. Blue Cross of California, 226 Cal. App. 4th 1260, 1278 (Cal. Ct. App. 2014) ("All rates that are the result of contract or negotiation, including rates paid by government payors, are relevant to the determination of reasonable value."). As discussed at the hearing, rates accepted by self-pay patients are subject to unique challenges and are therefore not relevant to the question of establishing a reasonable rate.

With respect to whether costs are relevant, the question is closer. Defendants cite approvingly to language in New York City Health and Hosp. Corp. v. Wellcare of New York Inc., 35 Misc. 3d 250, 257 (N.Y. Sup. Ct. 2011) ("[A]n insurance company is unjustly enriched if it fails to pay the hospital in full for the costs incurred in rendering the necessary treatment to the insurer's enrollees"). That language, however, reflected only that the plaintiff stated a cause of action for unjust enrichment; it does not speak to the question of how a reasonable rate should be measured. In contrast, in Temple, the court held that under a theory of unjust enrichment, plaintiff was permitted to recover the "reasonable value" of its services, defined as "what someone normally receives for a given service in the ordinary course of its business from the community that it serves" or "the average charge for the services at issue." 832 A.2d at 510. This holding is consistent with the criteria for determining a reasonable fee under New York state law, which defines "the usual and customary cost" of physician services as "the eightieth percentile for all charges for the particular health care service performed by a provider in the same specialty . . . in the same geographical area." N.Y. Fin. Serv. §§ 603–04. Therefore, Plaintiffs are not required to produce documents on the costs of their services, and Defendants' motion to compel such production is DENIED.

The Clerk of Court is requested to terminate the motions at ECF Nos. 150, 152, and 153.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED: July 1, 2022
New York, New York