

O'Melveny & Myers LLP　　T: +1 212 326 2000
Times Square Tower　　　F: +1 212 326 2061
7 Times Square　　　　　 omm.com
New York, NY 10036-6537

September 1, 2022

Ethan M. Scapellati
D: +1 212 728 5844
escapellati@omm.com

Honorable John G. Koetl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Southern District of New York
New York, New York 10007-1312

```
Application granted.  SO ORDERED.

Sept. 2, 2022   /s/ John G. Koeltl
New York, NY   John G. Koeltl, U.S.D.J.
```

**Re:** *Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc., et al.*, <u>Case No. 1:20-cv-09183 – Motion to Seal Exhibits 16 and 17 of the Declaration of Gregory Jacob</u>

  In accordance with Rules VI.A of Your Honor's Individual Practices in Civil Cases, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court grant Defendants leave to file under seal Exhibits 16 and 17[1] of Defendants' Memorandum in Support of its Motion for Summary Judgment. <u>Plaintiffs do not oppose Defendants' request to seal Exhibits 16 and 17.</u>

  Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. *Id*. at 120.

  A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL 3618573, at *1

---

[1] Exhibits 16 and 17 are Plaintiffs Disputed Claims lists produced on November 5, 2021 and June 30, 2022, respectively. Exhibit 16 was produced as PLAINTIFFS000001 and Exhibit 17 was produced as PLAINTIFFS002830, designated Confidential.

(S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citing *Lugosch*, 435 F.3d at 124).

Exhibits 16 and 17 discuss Confidential Information, as defined in the Protective Order. The Exhibits contain sensitive personal information and health information ("PHI") that constitutes "individually identifiable health information" and "protected health information," which information is protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations ("HIPPA"). Courts routinely seal PHI as its privacy is mandated by federal law. See *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). The Exhibits also include sensitive information regarding Defendants' business such as financial information concerning the average reimbursement the various Defendants paid to TeamHealth Plaintiffs as out-of-network providers per emergency department visit. The disclosure of this commercially sensitive information could place Defendants at a competitive disadvantage, as such information could be used by other commercial insurance payors and provider groups in negotiations for contracted rates of payment and could negatively impact Defendants' bargaining position in future negotiations. Accordingly, such information should be filed under seal. See *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

All of these materials are Confidential Information within the meaning of the Protective Order filed in this case. Dkt. No 110. Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." *Id.* Therefore, in accordance with the Protective Order, Defendants hereby request that the Court grant Defendants' request to file under seal Exhibits 16 and 17.

Respectfully Submitted,

*/s/ Ethan M. Scapellati*

Ethan M. Scapellati,
for O'MELVENY & MYERS LLP

cc: Counsel of Record (via ECF)