UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

EMERGENCY PHYSICIAN SERVICES OF NEW
YORK, ET AL.,

                        Plaintiffs,

       - against -

UNITEDHEALTH GROUP, INC., ET AL.,

                        Defendants.

———————————————————————

20-cv-9183 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

    The plaintiffs, emergency room clinicians, brought this suit against the defendants for allegedly underpaying thousands of claims for medical services the plaintiffs provided to patients covered by insurance issued or administered by the defendants. The defendants, UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC, have brought a motion pursuant to Federal Rule of Civil Procedure 12(c) to dismiss the Amended Complaint with prejudice as to UHG only. The defendants argue that UHG is not a proper party to this case.

    Following Judge Nathan's Opinion and Order dated September 28, 2021, Emergency Physician Services of N.Y. v. UnitedHealth Group, Inc., No. 20-cv-9183, 2021 WL 4437166 (S.D.N.Y. Sept. 28, 2021), and the filing of the plaintiffs' Amended Complaint, ECF No. 97, the plaintiffs' only remaining claims are for unjust

enrichment and declaratory judgment.[1] The defendants argue that
UHG should be dismissed from the case because the remaining
claims focus on the administration of health benefit plans and
the adjudication of health benefit claims, and UHG – a holding
company – performs neither of those functions. For the reasons
explained below, the defendants' motion is **denied**.

I.

"The standard for granting a Rule 12(c) motion for judgment
on the pleadings is identical to that of a Rule 12(b)(6) motion
for failure to state a claim." Patel v. Contemporary Classics of
Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). In deciding the
defendants' motion for partial judgment on the pleadings, the
allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiffs' favor.
See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d
Cir. 2007). The Court should not dismiss a claim if the
complaint includes "enough facts to state a claim to relief that
is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007). "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiffs, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. In deciding the defendants' motion, the Court may consider documents that are referenced in the complaint, matters of which judicial notice may be taken, and documents either in the plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## II.

The defendants argue that UHG cannot be held liable for the acts of its subsidiaries because the plaintiffs have not pleaded facts sufficient to pierce the corporate veil under New York law. But the plaintiffs have pleaded a direct unjust enrichment claim against UHG, not a claim based on piercing the corporate veil.

"To prevail on a claim for unjust enrichment . . ., a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573,

586 (2d Cir. 2006). "A New York unjust enrichment claim requires no direct relationship between a plaintiff and a defendant. Instead, such a claim may survive a motion to dismiss based on a more modest showing that the alleged connection between the parties is not too attenuated. Courts may credit allegations that a defendant's misconduct artificially moved market prices in a way that directly harmed plaintiffs while benefitting defendants." Dennis v. JPMorgan Chase & Co., 439 F. Supp. 3d 256, 267-68 (S.D.N.Y. 2020).

In this case, the plaintiffs allege that the plaintiffs "conferred a benefit on [the defendants] by providing valuable emergency medical care to their insureds, for which [the defendants were] responsible for payment." Am. Compl. ¶ 70. The plaintiffs further allege that UHG "benefited from the Subsidiary Defendants' failure to reimburse Plaintiffs the reasonable value of the services provided. In particular, UHG received dividends and administrative fees and reimbursements generated by the Subsidiary Defendants' adjudication of medical claims, including the claims arising out of the emergency care Plaintiffs provided to more than 7,500 United Members." Id. ¶ 65. Accordingly, regardless of whether UHG is responsible for administering health benefit plans or adjudicating health benefit claims, the plaintiffs have alleged that UHG benefitted financially from the subsidiary defendants' adjudication of

claims. The plaintiffs also allege that UHG designed and implemented the policies that resulted in the defendants' unjust enrichment. See id. ¶ 18. Accepting the plaintiffs' allegations as true, as the Court must at this stage, the plaintiffs have pleaded a direct unjust enrichment claim against UHG.[2]

The plaintiffs readily concede that they are not seeking to hold UHG liable based on an alter ego or veil-piercing theory. See, e.g., ECF No. 127, at 9. The defendants fall back on the position that, because the plaintiffs do not argue that they have pleaded an alter ego or veil-piercing theory, any such claim should be dismissed. But there is no such claim to dismiss. If a dispute arises about whether the plaintiffs are pursuing an alter ego or veil-piercing theory, the defendants may rely on the allegations in the Amended Complaint and the representations by plaintiffs' counsel to establish that the plaintiffs are not pursuing such a theory.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed above, the

---

[2] The plaintiffs argue that the law of the case doctrine precludes the defendants' motion because Judge Nathan already decided in the September 28, 2021 Opinion and Order that the plaintiffs adequately pleaded an unjust enrichment claim against UHG. See Emergency Physician Services, 2021 WL 4437166, at *12–13. The defendants respond that the law of the case doctrine does not apply because Judge Nathan did not confront or decide the specific issue of whether UHG is a proper party. In any event, the Court need not decide whether the law of the case doctrine applies because, accepting the allegations in the Amended Complaint as true, it is plain that the plaintiffs have pleaded a direct unjust enrichment claim against UHG.

arguments are either moot or without merit. For the reasons

explained above, the defendants' motion for partial judgment on

the pleadings is **denied.** The Clerk is directed to close Docket

No. 113.

SO ORDERED.

Dated:      New York, New York
            September 6, 2022

                                    John G. Koeltl
                              United States District Judge