# O'Melveny

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

APPLICATION GRANTED
SO ORDERED

12/15/22

John G. Koeltl, U.S.D.J.

December 14, 2022

**VIA ECF**

The Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Southern District of New York
New York, New York 10007-1312

Ethan M. Scapellati
D: +1 212 728 5844
escapellati@omm.com

Re: **_Emergency Physician Servs. of New York v. UnitedHealth Group, Inc._, No. 1:20-cv-09183-JGK-SN: Motion to Seal Exhibit 4 of the Declaration of Ethan Scapellati**

Dear Judge Koeltl:

In accordance with Rules VI.A of Your Honor's Individual Practices in Civil Cases, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court grant Defendants leave to file under seal Exhibit 4 of Defendants' Opposition to the Objections to Magistrate Judge Netburn's November 16, 2022 Order and Alternative Request for Leave to Amend the Amended Complaint (Dkt. 228).

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." _Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. _Id._ at 120.

A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. _See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C._, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. _See Haley v. Teachers Ins. and Annuity Assn. of Am._, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citing _Lugosch_, 435 F.3d at 124).

O'Melveny

Exhibit 4 discuss Confidential Information, as defined in the Protective Order. Exhibit 4 contains sensitive personally identifiable information ("PII"), which is protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations ("HIPAA"). Courts routinely seal PII as its privacy is mandated by federal law. *See Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Accordingly, such information should be filed under seal.

All of these materials are Confidential Information within the meaning of the Protective Order filed in this case. Dkt. No 110. Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." *Id.* Therefore, in accordance with the Protective Order, Defendants hereby request that the Court grant Defendants' request to file Exhibit 4 under seal.

Respectfully submitted,

/s/ Ethan M. Scapellati

Ethan M. Scapellati
for O'MELVENY & MYERS LLP

cc:   Counsel of Record (via ECF)