UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMERGENCY PHYSICIAN SERVICES OF
NEW YORK, et al.,

                        Plaintiffs,           20-CV-09183 (JGK)(SN)

      -against-                      ORDER

UNITEDHEALTH GROUP, INC., et al.,

                        Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        The parties are once again before the Court on the adequacy of Plaintiffs' production of cost records. On August 11, 2022, Judge Koeltl held that "it is surely relevant to the plaintiffs' unjust enrichment claim to determine if the plaintiffs were reimbursed at a rate equal to or above their actual costs." Aug. 11, 2022 Tr. at 7:1-4 (ECF No. 177). Following that ruling, Plaintiffs produced a summary spreadsheet of annual data, with line-item expenses per facility. See generally Oct. 27, 2022 Tr. at 12:12-19 (ECF No. 215). Defendants challenged this production, and the Court held a hearing on October 27, 2022. The Court ruled that the spreadsheet was not adequate or responsive and directed the parties to work cooperatively to identify appropriate documents for production. Id. at 26:25-27:5. The Court provided guidance of what categories of documents would be responsive, including "certainly things like cost reports," underling records concerning Plaintiffs' $150 cost-per-encounter calculation, and any fair market appraisals. Id. at 27:5-15. Since the October 27 conference, Plaintiffs have (allegedly) produced two revised spreadsheets and no additional documents. Accordingly, Defendants move to compel the

production of responsive documents and for sanctions. See Def. Ltr., Dec. 23, 2022 (ECF No. 243/246).

Defendants seek five categories of documents: (1) reports to facilities and related communications that describe or itemize costs to provide services, episodes of care at the facility, and reimbursements to Plaintiffs from the facilities related to costs incurred or services provided; (2) chargemaster submissions and related assertions of fair market value; (3) "pitches and presentations" to facilities regarding services and costs; (4) management reports and internal cost analyses; and (5) calculations and analyses of the costs-per-episode of care. Id. at 4-5.

Plaintiffs respond, generally, that they have already produced "granular cost data" and documentation concerning the $150 cost-per-episode calculation,[1] including annual patient census data for each facility. Plf. Ltr., Dec. 29, 2022, at 2 (ECF No. 251). They contend that additional "cost information" is not readily available beyond the spreadsheet because of "the realities of modern business." Id. Plaintiffs, however, offered a compromise position – production and searching of additional documents if Defendants withdrew other requests – which Defendants rejected.

Accordingly, it is ORDERED that:

Plaintiffs shall produce all reports to facilities that describe or itemize costs to provide services, episodes of care at the facility, and reimbursements to Plaintiffs from the facilities related to costs incurred or services provided. Plaintiffs have admitted that at least three facilities have "cost plus" contracts for which such reports would be required by the facilities. Plaintiffs need not search for or produce related communications or documents showing total charges and revenues at a facility.

---

[1] Plaintiffs deny the relevancy of such calculation, and Defendants deny that any underlying documents were produced at all.

Plaintiffs shall produce any documents related to fair market appraisals of the services performed. Plaintiffs report that they have already produced their chargemaster submissions. They must still search for and produce any documents or communications that relate to the reasonableness or fair market value of the services performed. To assist the parties, the document filed at ECF 247-12 is an example of a responsive document. The parties are directed to immediately meet and confer to identify appropriate and targeted search terms to conduct additional ESI searches. Absent a showing of need, any further ESI searches shall be limited to the previously agreed-upon custodians.

Plaintiffs shall produce documents sufficient to allow Defendants to determine the cost-per-episode of care. Accordingly, Plaintiffs shall produce underlying records that identify Plaintiffs' cost per facility and the number of episodes of care at those facilities. Plaintiffs do not need to produce information related to payments by other parties.

Defendants' motion for "pitches and presentations" to facilities and management reports and/or internal costs analyses is denied. These categories of documents are not sufficiently relevant to the cost question and therefore the burden of production outweighs any value.

In light of the Court's mixed ruling, the Court does not find the imposition of sanctions to be warranted. Plaintiffs, however, are on notice that the failure to produce responsive *documents* may result in an award of attorney's fees and costs should further application to the Court be required.

The Clerk of Court is requested to terminate the motions at ECF Nos. 243 and 246.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         January 18, 2023