UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMERGENCY PHYSICIAN SERVICES OF
NEW YORK, et al.,

                               Plaintiffs,

         -against-

UNITEDHEALTH GROUP, INC., et al.,

                               Defendants.
-----------------------------------------------------------------X

20-CV-09183 (JGK)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

       Defendants request that the Court order Plaintiffs to "reexamine their ESI and responsiveness criteria and to produce all ESI responsive" to Defendants' discovery demands. ECF No. 303. Plaintiffs oppose the motion and propose that the parties meet and confer further on the disputed issues. ECF No. 307.

       The dispute arises out of Plaintiffs' production of ESI. The parties negotiated an ESI protocol and agreed on search terms and custodians. The result of that agreement yielded approximately 340,000 documents (the "Yield"). The Plaintiffs subjected the Yield to technology assisted review (TAR), which resulted in approximately 192,000 responsive documents. Those documents were then subjected to further culling to remove duplicative email threads, which ultimately netted 172,000 documents (the "R-Set"). The R-Set was then reviewed by attorneys for responsiveness and the final production was 1,521 documents. Plaintiffs further report that it conducted a random sample of documents with lower relevance TAR scores (the "NR-Set") to evaluate whether the predictive coding was successful. Plaintiffs conclude by

asserting that the "control, training, and validation sets" were reviewed by a small number of attorneys to assure responsiveness.

In addition to contending that a production rate of 0.6% "triggered significant concerns," Defendants raise several grounds to suggest that Plaintiffs' review was inadequate. *First*, Defendants contend that a production of only 652 relevant emails (13 from the CEO) is not reasonable given the five-year period covered by the discovery demands. Plaintiffs do not respond to this specific point, though they suggest that the low responsiveness rate may be due to overbreadth of the search terms.

*Second*, Defendants identify seven documents that they contend should have been produced by Plaintiffs but were not. Plaintiffs respond that only two contained the search terms: one document was inadvertently withheld and has now been produced; and the other was not responsive. With respect to the remaining five documents, two were produced and the other three were not responsive.

*Third*, Defendants identify unproduced documents or attachments referenced in documents that were produced. Plaintiffs respond that they are working with Defendants on identifying any missing documents and note that Defendants' production has similar defects.

The Court seeks additional information from the Plaintiffs to assess the merit of Defendants' contentions. Accordingly, Plaintiffs are ORDERED to provide the following information:

1. How many emails, broken down by custodian, were captured by the Yield and by the R-Set?

2. With respect to Plaintiffs' randomly sampled review of the NR-Set, how did Plaintiffs select that sample? How many documents did it include? Who were the custodians? What was the result of the sampling? That is, did the sampling review result in modifications to the protocol?

3.  For the one document that Plaintiffs acknowledge contained search terms and was responsive, was that document in the R-Set or the NR-Set? For the one document that Ps acknowledge contained search terms but contend was not responsive, was that document in the R-Set or the NR-Set? For both documents, please explain why the document was in the R-Set (and not produced) or in the NR-Set.

Plaintiff shall file its response by Tuesday, February 21, 2023. Thereafter, the parties are ORDERED to meet and confer to determine whether any compromise solution is available. In addition, the parties shall discuss whether compromise can be reached in light of Plaintiffs' Hit Report. For example, where search terms generated low hit reports, Plaintiffs might produce all documents for a particular search term(s) to demonstrate the validity of its review of the Yield or the R-Set.

The parties shall report the result of those discussion by February 27, 2023.

**SO ORDERED.**

DATED:   New York, New York
         February 15, 2023

_____
SARAH NETBURN
United States Magistrate Judge