

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

February 21, 2023

**Ethan M. Scapellati**  
D: +1 212 728 5844  
escapellati@omm.com

The Honorable Sarah Netburn  
Thurgood Marshall Courthouse  
40 Foley Square, Room 430  
Southern District of New York  
New York, New York 10007-1312

Re: *Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc., et al.*, <u>Case No. 1:20-cv-09183 – Motion to File Redacted Version of Defendants' Opposition to TeamHealth Plaintiffs' Request for Informal Conference to Compel Defendants to Correct Their Production of ESI and to Produce Relevant Documents and to Seal Exhibit D in Support</u>

In accordance with Rules III.F of Your Honor's Individual Practices in Civil Cases, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Services LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court grant Defendants leave to (1) file a redacted version of Defendants' Opposition to TeamHealth Plaintiffs' Request for Informal Conference to Compel Defendants to Correct Their Production of ESI and to Produce Relevant Documents ("Opposition"); and (2) file under seal Exhibit D to Defendants' Opposition.

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. *Id*. at 120.

A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values,

including the need to protect an entity from competitive injury.") (citing *Lugosch*, 435 F.3d at 124).

Defendants' Opposition, and Exhibit D to the Opposition, contain Confidential Information as defined in the Protective Order. Specifically, the Opposition and exhibit contain excerpts from the deposition transcript relating to the January 24, 2023 deposition of one of Defendants' witnesses, Lauren Conway. That sensitive information relates to confidential and proprietary discussions about Defendants' strategy regarding revenue received from Defendants' clients receiving out-of-network program benefits at issue in this litigation. The disclosure of this commercially sensitive information could place them at a competitive disadvantage. Accordingly, such information should be filed under seal. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Moreover, pursuant to Paragraph 4 of the Protective Order, "Following any deposition, both Parties agree to treat the entire deposition transcript and exhibits as "ATTORNEYS' EYES ONLY" until the 25-day window for designation following receipt of the transcript has passed." Dkt. No. 110. Furthermore, the parties recently agreed that, for purposes of depositions taken by the parties in January 2023, the parties will treat deposition transcripts and exhibits as "ATTORNEYS' EYES ONLY" until March 30, 2023. Thus, the deposition transcript excerpts in the Opposition and Exhibit D are Confidential Information within the meaning of the Protective Order filed in this case. *Id.* Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." *Id.* Therefore, in accordance with the Protective Order, Defendants hereby request that the Court grant Defendants' request to file their Opposition with limited redactions and to file under seal Exhibit D.

Respectfully Submitted,

*/s/ Ethan M. Scapellati*

Ethan M. Scapellati,
for O'MELVENY & MYERS LLP

cc:   Counsel of Record (via ECF)