UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EMERGENCY PHYSICIAN SERVICES OF
NEW YORK, et al.,

                             **Plaintiffs,**                 20-CV-09183 (JGK)(SN)

       -against-                                            **ORDER**

UNITEDHEALTH GROUP, INC., et al.,

                             **Defendants.**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Plaintiffs request that the Court order Defendants to "correct [their] deficient production of electronically stored information ("ESI") and to produce relevant plan and shared savings documents." ECF No. 308. Defendants oppose the motion. ECF No. 328.

## I. ESI Production

The Court previously admonished the Defendants that redactions for privilege were not proper. See Oct. 27, 2022 Hearing Tr. at ECF 308, Ex. 2. After that conference, the parties apparently agreed that redactions would be appropriate only for privileged communications or to protect personal identifying (or health) information or commercially sensitive information of a non-party. Still, Plaintiffs contend that Defendants have continued to improperly redact documents for relevancy and attach nine exemplar documents.

Defendants agree with Plaintiffs that relevance redactions are no longer appropriate and suggest that they "have undertaken promptly to correct" improper redactions. With respect to the nine exemplars, Defendants concede that six documents should be produced without redaction, but state that other documents contain privileged communication or customer names.

Discovery should not be an iterative process. Plaintiffs' frustration is reasonable. Defendants improperly redacted documents for relevance and are now correcting their error in an ad hoc way. Moreover, Defendants' review of the redacted documents is revealing that certain documents were properly redacted for privilege but not logged on a privilege log. Defendants are ORDERED to review their redactions and correct any errors by March 8, 2023. Any supplemental privilege log must be served by that date as well. To the extent Defendants identify any "broken families" – another challenged issue for which there appears to be agreement – Defendant shall produce those as well.

## II.     Exemplar Plan Documents

Plaintiffs contend that the parties agreed – by letter on June 24, 2022, and again by teleconference on November 4, 2022 – to produce plan documents for a sample of 128 customers. Defendants contend that they have complied with the June 24 letter agreement.

As best the Court can discern, this dispute may turn on whether the agreement was to produce 128 sample plan *documents*, or sample plan documents for 128 *customers*. The Court has reviewed the June 24 letter and it does not purport to oblige Defendants to produce documents for 128 customers, and indeed the Court does not understand the derivation of the 128 number. Defendants represent that they "agreed to produce more than 100 exemplar plan documents," "have completed their agreed production," and are producing an additional 20 plan documents. Given that the purpose of this production is to establish Defendants' entitlement to assert any anti-assignment clause, further document discovery is not proportional. Moreover, Plaintiffs will be conducting a Rule 30(b)(6) deposition, which will allow further testimonial discovery on these issues.

### III. Shared Savings Billing Reports

Plaintiffs seek Shared Savings Billing Reports, which they contend are internal documents held by Defendants that reveal the "savings" Defendants incurred by terminating in-network agreements, reducing out-of-network rates, and charging certain clients additional fees. Defendants have produced two spreadsheets from their UNET and UMR platforms that "identify the specific shared savings percentage selected by each applicable health benefit plan." (Defendants have further represented that no other platform tracks shared savings.) Defendants contend that Plaintiffs can calculate the shared savings fee for each disputed claim based on these documents and already produced data.

Plaintiffs challenge Defendants' position with respect to the availability of certain reports based on the testimony of Lauren Conway, former CFO for United's Northeast Region. The Court has reviewed the deposition excerpts and does not find that Conway's testimony contradicts Defendants' representations. Accordingly, further discovery is not warranted.

### CONCLUSION

Defendants are directed to re-review their production to ensure that relevancy redactions do not remain, and broken family emails have been corrected. Any corrected production is due March 8, 2023. All other request for relief is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 308.

**SO ORDERED.**

DATED:   New York, New York
March 2, 2023

_____
SARAH NETBURN
United States Magistrate Judge

3