```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMERGENCY PHYSICIAN SERVICES OF
NEW YORK, et al.,

                              Plaintiffs,            20-CV-09183 (JGK)(SN)

           -against-                                 ORDER

UNITEDHEALTH GROUP, INC., et al.,

                              Defendants.
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

Defendants request that the Court order Plaintiffs to (1) "conduct a good-faith and adequate search for documents related to the $150 cost calculation"; (2) produce for *in camera* review the five documents withheld on attorney-client privilege grounds related to the $150 cost calculation; and (3) award Defendants fees and costs for their motion. ECF No. 335 ("Defs. Ltr."). Plaintiffs oppose the motion. ECF No. 349 ("Plfs. Ltr.").

**I.   The $150 Cost Estimate**

In August 2022, the Court ordered Plaintiffs to produce documents related to the cost incurred in providing the emergency medical services at issue in this case. ECF No. 176. Since then, the Court has addressed Plaintiffs' discovery obligations on numerous occasions, consistently ordering Plaintiffs to search for and produce responsive documents. See ECF Nos. 213, 282. The current dispute focuses on the so-called $150 cost per episode of care. Defendants contend, and Plaintiffs do not dispute, that on or before April 2019, Plaintiffs generated an internal estimate that it cost Plaintiffs, as a national average, $150 per episode of care to render

emergency medicine services to patients. Plaintiffs provided this estimate to Defendants in April 2019 as part of reimbursement rate negotiations and submitted it to Congress. Defs. Ltr. at 1.

Plaintiffs argue that they have already provided substantial cost-related discovery, such as spreadsheets, cost reports and scribe invoices. With respect to the $150 cost estimate, they searched agreed custodians' files using the search terms: cost w/10 "150" w/3 (encounter or visit). That search generated five responsive documents, all dated January 2020, and all of which Plaintiffs allege are privileged.

Defendants' position that it is "literally impossible" that Plaintiffs have conducted an adequate search is not hyperbole. Defs. Ltr. at 3. Because the $150 cost estimate was included in a March 13, 2019 letter to six Senators and provided to Defendants in April 2019 as part of negotiations, documents that lead to that estimate must exist before January 2020. And the fact that the only responsive documents Plaintiffs have unearthed concern allegedly legal communications related to regulatory inquiries underscores the overall inadequacy of the search.

The Court agrees that Plaintiffs have failed in their obligation to produce responsive documents. Defendants are entitled to the documents and communications that reflect the way Plaintiffs calculated the $150 cost estimate and the underlying data they relied on in reaching that conclusion. Plaintiffs' search terms are not reasonable, especially considering the paucity of production and the centrality of this issue.

Accordingly, the parties are ORDERED to meet and confer immediately to reach agreement on revised search terms. If the parties cannot reach agreement, Plaintiffs are to run a search through all electronic files using the search terms: cost w/10 "150."

## II.     Privilege Invocation

The Court is suspicious that the five documents withheld on privilege grounds are, in fact, protected communications. Plaintiffs, however, contend that they were "prepared at the direction of counsel and shared with counsel for the purpose of eliciting input on potential legal issues in the context of ongoing regulatory inquiries." Plfs. Ltr. at 5. Plaintiffs are ORDERED to produce these five documents for *in camera* review.

## III.    Sanctions

Defendants seek fees and costs associated with this motion under Rule 37. Rule 37(b)(2) authorizes sanctions where a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In such circumstances, an award of fees and costs is mandatory unless the disobedient party's failure was "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court previously ordered the Plaintiffs to "produce documents sufficient to allow Defendants to determine the cost-per-episode of care." ECF No. 282 at 3. The Court denied sanctions at that time but warned Plaintiffs that "the failure to produce responsive *documents* may result in an award of attorney's fees and costs should further application to the Court be required." Id.

Plaintiffs primary defense to the imposition of sanctions is that *Defendants* failed to suggest any way that *Plaintiffs'* search could have been improved upon. Plfs. Ltr. at 5. Setting aside whether it is Defendants' burden to figure out how to locate Plaintiffs' documents, Plaintiffs' paltry response – no produced documents and five allegedly privileged documents that post-date the calculation by more than six months – does not establish that Plaintiffs were substantially justified in failing to obey the Court's prior order to produce documents related to the $150 cost estimate. Reasonable fees are appropriate. The parties are ordered to meet and

confer on a reasonable award for attorneys' fees. If one cannot be reached, Plaintiffs shall pay three hours at Gregory Jacob's hourly rate.

## CONCLUSION

The parties are ORDERED to meet-and-confer to reach agreement on reasonable search terms for ESI discovery related to the $150 cost estimate. If the parties cannot reach agreement by March 15, 2023, Plaintiffs are ORDERED to run a search through all electronic files using the search terms: cost w/10 "150" and produce responsive documents and overall hit reports broken down by custodian. Considering the April 14 fact discovery deadline, responsive documents must be produced no later than March 29, 2023.

Plaintiffs are ORDERED to submit to the Court the five privileged documents for in camera review by March 13, 2023.

Plaintiffs are ORDERED to pay reasonable fees incurred by Defendants in submitting their motion not to exceed three hours at Gregory Jacob's hourly rate.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 335.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         March 10, 2023