# O'Melveny

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

APPLICATION GRANTED
SO ORDERED

March 15, 2023

/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
3/16/23

**Ethan M. Scapellati**
D: +1 212 728 5844
escapellati@omm.com

Honorable John G. Koetl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Southern District of New York
New York, New York 10007-1312

Re: *Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc., et al.*, Case No. 1:20-cv-09183 – Motion to Redact Confidential Metrics and Information Contained in Defendants' Objection to Magistrate Judge Netburn's Discovery Ruling Denying Relief On Plaintiffs' Deficient ESI Production

In accordance with Rules VI.A of Your Honor's Individual Practices in Civil Cases, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court redact confidential metrics and information contained within Defendants' Objections to Magistrate Judge Netburn's Discovery Ruling Denying Relief On Plaintiffs' Deficient ESI Production. TeamHealth Plaintiffs have previously consented to the redaction of similar information in Defendants' prior motions in this matter, and this Court redacted identical information as requested in Defendants' December 23, 2022 letter motion. See e.g., DN 245 and 249.

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. *Id.* at 120.

A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL 3618573, at *1

O'Melveny

---

(S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citing *Lugosch*, 435 F.3d at 124).

The Motion contains Confidential Information, as defined in the Protective Order. The metrics include sensitive information regarding TeamHealth Plaintiffs' business. The disclosure of this commercially sensitive information could place them at a competitive disadvantage. Accordingly, such information should be redacted. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." Id. Therefore, in accordance with the Protective Order, Defendants hereby request that the Court grant Defendants' request to redact specific metrics from Defendants' Motion.

Respectfully Submitted,

*/s/ Ethan M. Scapellati*

Ethan M. Scapellati,
for O'MELVENY & MYERS LLP

cc:   Counsel of Record (via ECF)