UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

EMERGENCY PHYSICIAN SERVICES OF NEW
YORK, ET AL.,

               Plaintiffs,

    - against -

UNITEDHEALTH GROUP, INC., ET AL.,

              Defendants.
───────────────────────────────

20-cv-9183 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

    The defendants in this action, pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), have objected to an Order of Magistrate Judge Netburn dated March 1, 2023, ECF No. 347 (the "March 1, 2023 Order"), which denied the defendants' request for an order directing the plaintiffs to reexamine their electronically stored information ("ESI") process and to produce additional ESI discovery. The Magistrate Judge concluded that "supplemental ESI discovery is not proportional to the needs of the case." March 1, 2023 Order. The objection (ECF Nos. 358, 359) is **overruled**.

    When considering objections to an order issued by a Magistrate Judge concerning discovery-related matters, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A); Nexstar Media Inc. v. Comcast Cable Commc'ns, LLC, No. 21-cv-6860, 2022 WL 17095146, at *1

(S.D.N.Y. Nov. 19, 2022). An order is "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," and an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes," including discovery disputes, and "reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04-cv-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007).[1]

The March 1, 2023 Order issued by Magistrate Judge Netburn was neither clearly erroneous nor contrary to law and was well within the Magistrate Judge's discretion with respect to managing discovery in this case. The defendants argue, among other things, that the plaintiffs' subsequent productions of ESI after March 1, 2023, which were made in response to two rulings in which the Magistrate Judge required supplemental document productions from

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

the plaintiffs (ECF Nos. 282, 351), are "evidence of a broader, systemic defect" in the plaintiffs' original ESI production. Defs.' Reply, ECF No. 398, at 8; see also Defs.' Memo. of Law, ECF No. 358, at 2. However, the subsequent productions were not before the Magistrate Judge at the time of the March 1, 2023 Order at issue, and in any event, both of the discovery rulings that compelled those productions were focused narrowly on the discovery of a specific category of documents, namely documents pertaining to the costs that the plaintiffs incurred for the patient encounters at issue in this case. See ECF Nos. 282, 351. Accordingly, neither the Magistrate Judge's other cited rulings nor the plaintiffs' post-March 1, 2023 productions supply a basis for concluding that the Magistrate Judge's March 1, 2023 Order was clearly erroneous or contrary to law. The other cited rulings instead demonstrate, as the plaintiffs argue, that the Magistrate Judge is attentive to the needs for thorough and proportionate discovery in this contentious case.

The defendants point to a number of other perceived defects in the ESI production at issue, but those arguments likewise fail to establish that the Magistrate Judge's March 1, 2023 Order was clearly erroneous or contrary to law. Therefore, the defendants' objection to that Order is **overruled**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the defendants' objection (ECF Nos. 358, 359) to the Magistrate Judge's March 1, 2023 Order is **overruled**.

**SO ORDERED.**

Dated:   New York, New York
         April 12, 2023

                                          _____
                                          John G. Koeltl
                                          **United States District Judge**