```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMERGENCY PHYSICIAN SERVICES
OF NEW YORK, et al.,

                              Plaintiffs,                20-CV-09183 (JGK)(SN)

        -against-                               **ORDER**

UNITEDHEALTH GROUP, INC., et al.,

                              Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiffs move to compel Defendants to remedy deficiencies in their privilege log and produce documents that have been improperly withheld. ECF No. 361. Defendants contend that judicial intervention is premature because they have already agreed to re-review approximately 4,000 documents on the privilege log, and otherwise argue that their log is adequate. ECF No. 383.

      Defendants' current privilege log allegedly contains 10,338 entries.[1] Plaintiffs allege that over 7,000 entries make no reference to the documents having been sent, received, or drafted by any identified attorney. With respect to those entries, the Court understands that more than 3,000 documents are claimed to be privileged because an attorney "Contribut[ed] to Privilege," and nearly 4,000 documents are claimed to be privileged because "UHC Legal Department" or an entire law firm "Contribut[ed] to Privilege." ECF No. 361 at 3.

---

[1] Despite Plaintiffs moving to compel Defendants to remedy a deficient privilege log, the Court has not received a copy of that log. Because of the Court does not have the benefit of reviewing the log, its task is made more complicated.

Defendants' response is that (1) they have agreed to re-review the log; but (2) the law does not require greater specificity where a document "indicates obvious attorney involvement," and (3) in any event, Plaintiffs did the same thing. ECF No. 383 at 4. Given that Defendants have agreed to re-review their log and given that the Court does not have a copy of the log, the most appropriate course is to allow this process to play out. The Court notes, however, that the purpose of a privilege log is to allow the challenging party (and, if necessary, the Court) to assess a privilege assertion. The parties are encouraged to continue productive discussions to ensure that each side can adequately understand the other's position.

Second, Plaintiffs allege that Defendants have improperly withheld documents sent to or from third parties. Defendants have already begun a re-review of these documents but note that some of the proffered examples of third parties are affiliates of Defendants; Defendants concede, however, that other documents should not be claimed as privileged and will produce them.

Accordingly, the parties are ORDERED to continue to meet and confer with respect to these issues and to file a joint status letter on April 26, 2023. To the extent disputes remain, the Court will solicit a sample set of challenged documents for *in camera* review.

The Clerk of Court is respectfully requested to terminate the motion at ECF No. 361 and strike the order at ECF No. 413.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   April 18, 2023
         New York, New York