**O'Melveny**

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

November 30, 2023

APPLICATION GRANTED
SO ORDERED

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
12/1/23

Ethan M. Scapellati
D: +1 212 728 5844
escapellati@omm.com

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Southern District of New York
New York, New York 10007-1312

Re:   *Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc., et al.*,
Case No. 1:20-cv-09183 – Motion to Seal Portions of Defendants' Reply
Memorandum and Rule 56.1 Statements in Support of Motion for Summary
Judgment and to Seal Exhibits of the Declaration of Gregory Jacob in Support of
Defendants' Reply Memorandum in Support of Motion for Summary Judgment

In accordance with Rules I.A and III.F of Your Honor's Individual Practices in Civil Cases, Rule 2 of Your Honor's Emergency Individual Rules & Practices, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court grant Defendants leave to file under seal portions of Defendants' Reply Memorandum ("Reply"), Reply in Support of Defendants' Rule 56.1 Statement, and Response to Plaintiffs' Rule 56.1 Counter-Statement (together with Reply in Support of Defendants' Rule 56.1 Statement, the "56.1 Statements") in Support of their Motion for Summary Judgment. Defendants further request that the Court grant Defendants leave to file under seal certain exhibits of the Declaration of Gregory Jacob (the "Jacob Declaration") in Support of Defendants' Reply Memorandum in Support of their Motion for Summary Judgment.

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. *Id.* at 120.

A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL 3618573, at *1

O'Melveny

(S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citing *Lugosch*, 435 F.3d at 124).

Limited portions of Defendants' Reply and 56.1 Statements, as well as Exhibits 1-2 and 9 of the Jacob Declaration (all of which are deposition transcript excerpts that contain sensitive information that either or both of TeamHealth Plaintiffs and Defendants have designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order), discuss Confidential Information, as defined in the Protective Order, and include sensitive information regarding Plaintiffs' business such as financial information concerning the average cost to provide emergency department care and the average reimbursement payment TeamHealth received per emergency department visit from various payors, including Defendants; nonfinancial information concerning internal business processes, practices, and standards; strategy concerning Plaintiffs' position on reasonable reimbursement rates considered for or conveyed through the parties' national negotiations for entering into network agreements; strategy concerning Plaintiffs' contracts and negotiations with facilities at which Plaintiffs' contracted and hired physicians rendered emergency medicine services; and proposed strategies for dealing with new surprise billing legislation. The disclosure of such commercially sensitive information could place Plaintiffs at a commercial disadvantage, as such information could be used by other commercial insurance payors and hospital groups in negotiations for contracted rates of payment and could negatively impact Plaintiffs' bargaining position in future negotiations. Accordingly, such information should be redacted. See *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Limited portions of Defendants' Reply and 56.1 Statements, as well as Exhibits 3-8 and 10-13 of the Jacob Declaration (all of which are deposition transcript excerpts that contain sensitive information that either or both of TeamHealth Plaintiffs and Defendants have designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order), discuss Confidential Information, as defined in the Protective Order, and include sensitive information regarding Defendants' business such as information and data concerning the average reimbursement the various Defendants paid to Plaintiffs as out-of-network providers per emergency department visit; Defendants' proprietary business strategy concerning the structure of their health benefit plans with customers and fees associated with those plans; strategy concerning Defendants' position on reasonable reimbursement rates considered for or conveyed through the parties' national negotiations for entering into network agreements; and Defendants' confidential strategy pertaining to their relationship with non-party Equity Healthcare. The disclosure of such commercially sensitive information could place Defendants at a commercial disadvantage, as such information could be used by other commercial insurance payors and provider groups in negotiations for contracted rates of payment and could negatively impact Defendants' bargaining position in future negotiations. Accordingly, such information should be redacted. See *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Limited portions of Defendants' 56.1 Statements, as well as Exhibit 14 of the Jacob Declaration (which is a deposition transcript excerpt that contains sensitive information that either or both of TeamHealth Plaintiffs and Defendants have designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order), discuss Confidential Information, as defined in the Protective Order, and include sensitive information regarding non-party Equity Healthcare's business such as information relating to the parties' confidential national negotiations; nonfinancial information concerning Plaintiffs' and TeamHealth's business processes, practices, and standards; and information concerning Defendants' out-of-network programs. The disclosure of such commercially sensitive information could place both Defendants and Plaintiffs at a

O'Melveny

---

competitive disadvantage. Accordingly, such information should be redacted. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Limited portions of Defendants' Reply and 56.1 Statements discuss Confidential Information, as defined in the Protective Order, and include sensitive information regarding confidential and proprietary agreements, such as an agreement between non-party Equity Healthcare and Defendants; an agreement between Buffalo Emergency Associates, LLP and Emergency Physician Associates, LLC; a draft agreement between defendant UHC and Plaintiff Emergency Physician Services of New York; an agreement between Defendants and Emergency Physician Services of NY, PC; an agreement and amendment between non-party POMCO and Plaintiff Emergency Care Services of New York; an agreement between United Healthcare Empire Plan Agreement and Buffalo Emergency Associates, LLP, Emergency Care Services of NYPC, Emergency Physician Services of NY, P C, and Exigence Medical of Binghamton, PLLC; the Administrative Services Agreement between Defendants and Estée Lauder Companies, Inc.; and various agreements, amendments, and associated documents between Plaintiffs and facilities at which Plaintiffs' contracted and hired physicians rendered emergency medicine services. The disclosure of such commercially sensitive information could place the signatories to these agreements at a competitive disadvantage by making public confidential and proprietary information that would give competitors insight into the business dealings of parties and non-parties alike. Accordingly, such information should be redacted. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Limited portions of Defendants' Reply and 56.1 Statements discuss Confidential Information, as defined in the Protective Order, and include sensitive information used in expert reports served in this case. Those reports contain commercially sensitive information on which Defendants' retained outside experts relied or calculated, including information and data pertaining to Plaintiffs' total billed charge amount for the disputed claims in the case; Defendants' total allowed amount on those claims; and calculations of amounts using percentages of billed charges, percentages of Medicare, and average charges and allowed amounts per claim. The disclosure of such commercially sensitive information could place Defendants at a commercial disadvantage, as such information could be used by other commercial insurance payors and provider groups in negotiations for contracted rates of payment and could negatively impact Defendants' bargaining position in future negotiations. Such disclosure would also place Plaintiffs at a competitive disadvantage as such information could be used by other commercial insurance payors and hospital groups in negotiations for contracted rates of payment and could negatively impact Plaintiffs' bargaining position in future negotiations. Accordingly, such information should be redacted. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

Limited portions of Defendants' Reply and 56.1 Statements discuss Confidential Information, as defined in the Protective Order, and include sensitive health benefit claims data contained in TeamHealth Plaintiffs' disputed claims list and Defendants' and TeamHealth Plaintiffs' confidential market data. These exhibits include sensitive personally identifiable information ("PII"), which is protected from public disclosure by the Health Insurance Portability and Accountability Act of 1996 and its implementing regulations ("HIPAA"). Courts routinely seal PII as its privacy is mandated by federal law. *See Valentini v. Grp. Health Inc.*, 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020). Defendants' and TeamHealth Plaintiffs' market data also contains commercially sensitive information pertaining to rate reimbursement that, if disclosed, would place the parties at a commercial disadvantage. This also includes TeamHealth Plaintiffs' production of spreadsheets containing non-public charge benchmark data, claims that TeamHealth Plaintiffs allege were paid or administered by Defendants under a wrap or rental agreement, and claims

**O'Melveny**

that TeamHealth Plaintiffs allege were allowed by Defendants at TeamHealth Plaintiffs' full billed charges. Accordingly, such information should be redacted. *GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

All of these materials are Confidential Information within the meaning of the Protective Order filed in this case. Dkt. No 110. Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." *Id.* Therefore, in accordance with the Protective Order, Defendants hereby request that the Court permit Defendants to file the above items under seal.

Respectfully Submitted,

/s/ Greg Jacob

Greg Jacob,
for O'MELVENY & MYERS LLP

cc: Counsel of Record (via ECF)