```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------

| | |
|---|---|
| **EMERGENCY PHYSICIAN SERVICES OF NEW YORK, ET AL.,** | **20-cv-9183 (JGK)** |
| Plaintiffs, | |
| | **MEMORANDUM OPINION** |
| - against - | **AND ORDER** |
| **UNITEDHEALTH GROUP, INC., ET AL.,** | |
| Defendants. | |

-----------------------------------------

**JOHN G. KOELTL, District Judge:**

In this case, the plaintiffs, various medical care providers in New York, sued the defendants, commercial health insurer UnitedHealth Group, Inc. ("UHG") and certain of its subsidiaries and affiliates, alleging that the defendants failed to reimburse the plaintiffs for the reasonable value of emergency medical services provided to the defendants' insured members. The case has been pending for approximately four years and has survived several dispositive motions. Extensive discovery is now complete. Most recently this Court denied the defendants' motion for summary judgment. See Emergency Physician Servs. of N.Y. v. UnitedHealth Group, Inc., No. 20-cv-9183, 2024 WL 4229902 (S.D.N.Y. Sept. 17, 2024).

The defendants now ask the Court to certify two issues for interlocutory appeal and to stay this litigation pending a decision by the Second Circuit Court of Appeals with respect to those issues. The two issues are: (1) whether the plaintiffs have satisfied the elements of an unjust enrichment claim under

New York law; and (2) whether the plaintiffs' unjust enrichment claims are preempted by the Federal Employee Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 et seq, and by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The defendants also move to stay further proceedings while any interlocutory appeal is pending. The defendants' motions are denied.

The Court may certify an issue for interlocutory appeal if: (1) "such order involves a controlling question of law," (2) there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Cooper & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (collecting cases). "The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion." King Cnty., Wash. v. IKB Deutsche Industriebank AG, 863 F. Supp. 2d 317, 320 (S.D.N.Y. 2012).

The plaintiffs do not dispute that the two issues identified by the defendants are controlling issues in this litigation. For the reasons explained at length in this Court's

decision, this Court determined that the correct determination of both issues favors the plaintiffs and that there is no contrary authority from the Court of Appeals for the Second Circuit. But the dispositive reason for denying the defendants' motions is that an interlocutory appeal would not "materially advance the ultimate termination of the litigation" and the Court of Appeals has cautioned that an interlocutory appeal is an exception to the basic policy of postponing appellate review until after the entry of final judgment.

In this case, the Court has ordered the parties to file a Joint Pre-Trial Order by October 23, 2024. ECF No. 508. The case is ready to be tried and likely will be tried within the next few months. The defendants may prevail at trial by showing, as they allege, that the amounts actually paid to the plaintiffs were in fact the reasonable value of the emergency services provided. If the defendants fail to prevail at trial, they will have the opportunity to raise the legal issues they seek to raise on an interlocutory appeal, together with all of the evidentiary issues that will be raised at trial, in an appeal from the final judgment in this case. An appeal at this point, which may involve certification to the New York Court of Appeals with respect to the purely state law issue of the scope of the unjust enrichment claim, will add considerable delay to the ultimate resolution of this case and is the antithesis of a

3

procedural device to "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## CONCLUSION

The defendants' motion for an interlocutory appeal is denied. The motion to stay proceedings pending resolution of that appeal is dismissed as moot. The Clerk is directed to close ECF Nos. 512 and 514.

SO ORDERED.
Dated:   New York, New York
         October 22, 2024

_____
John G. Koeltl
United States District Judge

4