# O'Melveny

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006-4061

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

Greg Jacob
D: +1 202 383 5110
gjacob@omm.com

October 8, 2024

**APPLICATION GRANTED**
**SO ORDERED**

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
10/22/24

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Southern District of New York
New York, New York 10007-1312

Re:   **_Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc., et al.,_ Case No. 1:20-cv-09183 – Motion for Leave to Redact Limited Portions of Transcript of September 12, 2024 Hearing**

    In accordance with Rules I.A and III.F of Your Honor's Individual Practices in Civil Cases, Rule 2 of Your Honor's Emergency Individual Rules & Practices, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court grant Defendants leave to redact portions of the transcript of the October 27, 2022 hearing before the Court. The version of the transcript with Defendants' proposed redactions is being filed under seal, per Rule III.F of Your Honor's Individual Practices in Civil Cases. Plaintiffs consent to this letter motion.

    Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," and the "nature and degree of injury" that will result from disclosure. *Id.* at 120.

    A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents containing such information. *See Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citing *Lugosch*, 435 F.3d at 124).

O'Melveny

In response to the Court's September 26, 2024 Order (Dkt. No. 210) regarding redaction of the September 12, 2024 hearing transcript, Defendants propose modest redactions that are narrow in scope. Defendants' limited redaction requests concern Confidential Information, as defined in the Protective Order, that was described on the record during the September 12, 2024 hearing pertaining to the reimbursement rates sought and paid by the parties. The proposed redactions relate to discrete financial figures. The disclosure of such commercially sensitive information could place both parties at a commercial disadvantage, as such information could be used by other commercial insurance payors and hospital groups in negotiations for contracted rates of payment and could negatively impact Plaintiffs' bargaining position in future negotiations. Accordingly, such information should be redacted. See GoSMiLE, Inc., 769 F. Supp. 2d at 649–50.

All of these materials are Confidential Information within the meaning of the Protective Order filed in this case. Dkt. No 110. Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." Id. Therefore, in accordance with the Protective Order, Defendants hereby request that the Court permit Defendants to file the above items under seal.

Respectfully Submitted,

/s/ Greg Jacob

Greg Jacob,
of O'MELVENY & MYERS LLP

cc:   Counsel of Record (via ECF)