# O'Melveny

O'Melveny & Myers LLP
1625 Eye Street, NW
Washington, DC 20006

T: +1 202 383 5300
F: +1 202 383 5414
omm.com

November 14, 2024

**APPLICATION GRANTED**
**SO ORDERED**

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.
11/17/24

Gregory F. Jacob
D: +1 202 383 5110
gjacob@omm.com

Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Southern District of New York
New York, New York 10007-1312

Re: <u>*Emergency Physician Servs. of New York, et al. v. UnitedHealth Grp., Inc., et al.*, Case No. 1:20-cv-09183 – Motion to Seal Exhibit to Declaration of Gregory Jacob In Support of Defendants' Opposition to TeamHealth Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and to Redact Confidential Metrics and Information Contained in Defendants' Opposition to TeamHealth Plaintiffs' Motion for Voluntary Dismissal Without Prejudice and the Declaration of Bruce Deal in Support Thereof</u>

    In accordance with Rules I.A and III.F of Your Honor's Individual Practices in Civil Cases, Rule 2 of Your Honor's Emergency Individual Rules & Practices, SDNY Local Rule 7.1(d), the SDNY's Sealed Records Filing Instructions, and the Confidentiality Stipulation and Protective Order in effect in this action (the "Protective Order") (Dkt. No. 110), Defendants UnitedHealth Group, Inc. ("UHG"), United HealthCare Services, Inc., UMR, Inc., UnitedHealthcare Service LLC, UnitedHealthcare Insurance Company, and Oxford Health Plans LLC (collectively, "Defendants") request that the Court grant Defendants leave to seal an exhibit to the Declaration of Gregory Jacob In Support of Defendants' Opposition to TeamHealth Plaintiffs' Motion for Voluntary Dismissal Without Prejudice ("Jacob Declaration") and redact limited information and data contained in Defendants' Memorandum Of Law In Opposition to TeamHealth Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (the "Opposition") and the Declaration of Bruce Deal in Support thereof (the "Deal Declaration").

    Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure," *id.*, and the "nature and degree of injury" that will result from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

    A litigant's interest in keeping confidential its highly sensitive business and financial information is sufficient to tip the scale in favor of sealing the documents that contain such information. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal documents containing "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"). Similarly, if the disclosure of a litigant's confidential business information places such party at risk of competitive harm, there is compelling justification for sealing the documents

Case 1:20-cv-09183-JGK-SN    Document 542    Filed 11/18/24    Page 2 of 3
Case 1:20-cv-09183-JGK-SN    Document 534    Filed 11/14/24    Page 2 of 3

O'Melveny

containing such information. *See Haley v. Teachers Ins. & Annuity Assn. of Am.*, 2020 WL 3618573, at *1 (S.D.N.Y. July 2, 2020) ("The sealing of documents may be justified to preserve higher values, including the need to protect an entity from competitive injury.") (citing *Lugosch*, 435 F.3d at 124).

Exhibit 1 of the Jacob Declaration discusses Confidential Information, as defined in the Protective Order, and includes sensitive information used in an expert report served in this case. This report contains commercially sensitive information on which Plaintiffs' retained outside expert relied or calculated, including information and data pertaining to TeamHealth Plaintiffs' total billed charge amount for the disputed claims in the case and calculations of amounts using percentages of billed charges and average charges and allowed amounts per claim. The disclosure of such commercially sensitive information could place Defendants at a commercial disadvantage, as such information could be used by other commercial insurance payors and provider groups in negotiations for contracted rates of payment and could negatively impact Defendants' bargaining position in future negotiations. Such disclosure would also place TeamHealth Plaintiffs at a competitive disadvantage as such information could be used by other commercial insurance payors and hospital groups in negotiations for contracted rates of payment and could negatively impact TeamHealth Plaintiffs' bargaining position in future negotiations. Accordingly, such information should be redacted. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50.

The Opposition and accompanying Deal Declaration contain a small number of metrics that are Confidential Information, as defined in the Protective Order. These include sensitive information regarding TeamHealth Plaintiffs' total billed charge amount for the disputed claims in the case; Defendants' total allowed amount on those claims; and calculations of amounts using percentages of billed charges, percentages of Medicare, and average charges and allowed amounts per claim. These calculations utilize confidential claims data from the parties. The disclosure of this commercially sensitive information could place the parties at a commercial disadvantage, as such, such information should be redacted. *See GoSMiLE, Inc.*, 769 F. Supp. 2d at 649–50. Further, the Opposition and accompanying Deal Declaration contain a limited number of figures pertaining to TeamHealth Plaintiffs' financial information concerning the average cost to provide emergency department care and the average reimbursement payment TeamHealth received per emergency department visit from various payors, including Defendants. This information, too, should be redacted.

All of these materials are Confidential Information within the meaning of the Protective Order filed in this case. Dkt. No 110. Pursuant to Paragraph 22 of the Protective Order, "[i]f a Party seeks to file unredacted Confidential Information or Attorneys' Eyes Only information, it shall file a motion with the Court for filing under seal, unless the producing Party otherwise agrees." *Id.* Defendants request that the Court seal Exhibit 1 of the Jacob Declaration and redact these limited metrics and information in the Opposition and accompanying Deal Declaration.

O'Melveny

Respectfully Submitted,

*/s/ Greg Jacob*

Greg Jacob,
of O'MELVENY & MYERS LLP

*Counsel for Defendants*

cc:     Counsel of Record (via ECF)